J-S45003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ODELL JOHNSON | : | |
| | : | |
| Appellant | : | No. 2823 EDA 2018 |

Appeal from the PCRA Order Entered September 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009190-2010,
CP-51-CR-0009191-2010

BEFORE: BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.: **FILED OCTOBER 17, 2019**

Respectfully, I dissent for reasons similar to those outlined in

***Commonwealth v. Hackley***, 1769 MDA 2018, at 4 n.1 (September 23,

2019) (non-precedential decision).[1]

Odell Johnson (Johnson) filed a single notice of appeal captioned with

two docket numbers, CP-51-CR-0009190 (9090) and CP-51-CR-0009191

(9191). The sole order on review in this case is captioned with a single trial

court docket number, 9191, and 9090 is omitted. It appears that the

prothonotary never entered a separate order bearing that latter docket

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] If filed after May 1, 2019, Superior Court memorandum decisions may be
cited for their persuasive value. ***See*** Pa.R.A.P. 126(b).

number. This reasonably suggested that the two matters were treated as one for filing and appellate purposes. In fact, after Johnson filed his notice of appeal, the trial court entered an order pursuant to 1925(b) captioned with *both* trial court docket numbers and requiring Johnson to file "a [single] Concise Statement of Errors Complained of on Appeal, within twenty-one days of the date of this [single] ORDER[.]"

These facts mirror those in **Hackley**, where we found that defects in the notice of appeal were not attributable to the appellant:

> In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court held that under Pa.R.A.P. 341, an appeal must be quashed if a defendant files only a single notice of appeal as to multiple docket numbers. Although Hackley filed one notice of appeal for two docket numbers, **Walker** is inapplicable here because the trial court and the Prothonotary treated the proceedings in a way that is tantamount to complete consolidation under one docket number.
>
> Here, certified records on appeal were prepared for docket numbers 2017-3539 and 2017-3536, but only the latter includes an order of judgment of sentence. The order bears both docket numbers, but advises Hackley of having 30 days "from this order" (in the singular), to appeal to the Superior Court. In so writing, the trial court essentially told Hackley that there was one order, and that he was entitled to only one appeal. This Court held recently in **Commonwealth v. Stansbury,** 303 EDA 2019 *3 (Pa. Super. September 5, 2019), that a party may file a single notice of appeal in these circumstances because it results from a breakdown of court operations.
>
> The case docket for 2017-3539 further confirms the existence of at most a single order because it does not contain a judgment of sentence or any other document relating to the present appellate proceedings. Instead, the Prothonotary's handwritten notes next to several entries on the case docket sheet direct the reader to "See 3536-17." Pa.R.A.P. 301(b) provides that "Every order shall be set forth on a separate document," but the trial court only set

forth one document – the order entered at 2017-3536, which bore the two docket numbers.  This means there was no separate order entered at 2017-3539 for Hackley to appeal.  ***See*** Pa.R.A.P. 301(a) ("no order of a court shall be appealable until it has been entered upon the *appropriate* docket in the lower court.") (Emphasis added).  Indeed, the inclusion of two docket numbers in the one order raises the question of whether any appealable order was entered at all.  ***See*** Pa.R.A.P. 301(b) (making entry of a separate document for each order a "requisite" for appealability).  Thus, it is clear that Hackley's notice of appeal comports with ***Walker*** because the trial court was responsible for any of its potential defects.

***Hackley***, 1769 MDA 2018, at 4 n.1

As in ***Hackley***, Johnson's non-compliance with ***Walker*** resulted from the prompting of the trial court and the prothonotary, who treated the consolidated proceedings as a single case.  The trial court repeatedly advised that Johnson needed to appeal from only a single order to preserve his appellate issues.  His appeal should not be quashed because of acting in accordance with the trial court's misstatements.  Thus, I would attribute Johnson's defective notice of appeal to a breakdown in court operations and decline to find ***Walker*** applicable.[2]

---

[2] ***See also Commonwealth v. Stansbury,*** 303 EDA 2019 *3 (Pa. Super. September 5, 2019) ("We have many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court."); ***Commonwealth v. Cox***, 114 WDA 2019, at 1–2 (Pa. Super. September 13, 2019) (non-precedential decision) (same).